[758 NYS2d 123]

In the Matter of MICHAEL QUINTANA (Admitted as MICHAEL QUIRINDONGO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 7, 2003

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Nicholas C. Cooper*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition, dated March 13, 2002, containing two charges of professional misconduct. After a prehearing conference on April 24, 2002, and a hearing on June 14, 2002, the Special Referee sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to confirm the Special Referee's report to the extent that it found his conduct, as alleged in Charge One, to be violative of Code of Professional Responsibility DR 2-103 (b) (22 NYCRR 1200.8 [b]), which he consistently acknowledged at every stage of proceedings. The respondent seeks to disaffirm the Special Referee's report to the extent that it sustained the remaining allegations of Charge One and Charge Two. The respondent asks the Court to confirm so much of the Special Referee's report as considered the evidence in mitigation and to limit any sanction imposed to a censure.

Charge One alleges that the respondent engaged in an act of solicitation of professional employment, in violation of Code of Professional Responsibility DR 2-103 (b) (22 NYCRR 1200.8 [b]). The charge specifically alleges that in or about October 1996, the respondent paid a man, who was known to him as a nonattorney, $1,000 for the referral of the personal injury case of Clyde Hilaire.

Charge Two alleges that the respondent filed a document with the Office of Court Administration that contained false and misleading information, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]). The charge specifically alleges that the respondent filed a retainer statement with the Office of Court Administration, dated October 17, 1996, in which he falsely stated that Mr. Hilaire's case was referred based on the respondent's general reputation.

Based on the respondent's admissions and the evidence adduced, we conclude that the Special Referee properly sustained that portion of Charge One as alleged a violation of Code of Professional Responsibility DR 2-103 (b) (22 NYCRR 1200.8 [b]) and Charge Two. Accordingly, the petitioner's motion is granted to that extent and is otherwise denied. The respondent's cross motion is granted to the extent that the Special

Referee's report is disaffirmed to the extent that it sustained the remaining allegations of Charge One and to the extent of considering the evidence in mitigation. The cross motion is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the absence of prior discipline, the absence of any evidence that he sought out the informant or had a predisposition to solicit cases, the isolated nature of this incident, his expressed remorse, and his excellent reputation in the community. The respondent also asks the Court to take note of the family and personal hardships he was experiencing at the time, including the difficulties attendant upon his wife's numerous medical procedures and the burdens placed upon him as a result of the severe injuries sustained by his father.

In view of the isolated nature of the misconduct and the mitigation advanced, the respondent is publicly censured.

PRUDENTI, P.J., SANTUCCI, ALTMAN, FLORIO and S. MILLER, JJ., concur.

Ordered that the motion is granted to the extent that the portion of Charge One as alleged a violation of Code of Professional Responsibility DR 2-103 (b) (22 NYCRR 1200.8 [b]) and Charge Two is sustained, and the motion is otherwise denied; and it is further,

Ordered that the cross motion is granted to the extent that the portion of Charge One as alleged a violation of Code of Professional Responsibility DR 2-103 (b) (22 NYCRR 1200.8 [b]) is sustained, the Referee's report concerning the remainder of Charge One is disaffirmed, and the respondent's mitigating evidence is considered, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Michael Quintana, is publicly censured for his professional misconduct.